# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HAL MORGAN HOLLAND,

      Plaintiff,

v.                                                                     Case No: 6:17-cv-2181-Orl-DCI

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## MEMORANDUM OF DECISION

Hal Morgan Holland (Claimant), who is proceeding *pro se*, appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 19. The Commissioner argues that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed. Doc. 20. Upon review, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

## I.    Procedural History

This case stems from Claimant's applications for disability insurance benefits and supplemental security income. R. 176-88. Claimant alleged a disability onset date of May 1, 2014. R. 198. Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ. On March 8, 2017, the ALJ entered a decision denying Claimant's applications for disability benefits. R. 15-23. Claimant requested review of the ALJ's decision, and the Appeals Council denied his request for review. R. 1-3. This appeal followed.

**II.     The ALJ's Decision**

The ALJ found that Claimant suffered from a severe impairment of osteoarthritis with obesity as a complication.  R. 17.  In addition, the ALJ found that Claimant suffered from a non-severe impairment of prediabetes with possible neuropathy.  R. 17-18.  The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment.  R. 18.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a)[1] with the following limitations:

> [T]he claimant can occasionally climb ramps and stairs.  The claimant can occasionally stoop, kneel, and crouch.  The claimant can never climb ladders, ropes, and scaffolds.  The claimant can frequently balance.  The claimant would need to alternate sit/stand about every 60 minutes, with standing tolerated continuously without external support for about . . . 5 to 10 minutes.  The claimant cannot be exposed to concentrated temperature extremes (hot or cold), wetness, or humidity.  He must avoid concentrated exposure to pollutants, fumes, contaminants, hazards such as exposed heights, machinery with exposed moving parts.  The claimant can have no concentrated exposure to vibrations.

R. 18.  In light of this RFC, the ALJ found that Claimant would be unable to perform his past relevant work as plumber.  R. 21.  However, the ALJ found that Claimant would be able to perform other work in the national economy, including maintenance dispatcher, employment clerk, and telephone solicitor.  R. 22.  Thus, the ALJ concluded that Claimant was not disabled between his alleged onset date, May 1, 2014, through the date of the ALJ's decision, March 8, 2017.  R. 23.

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a); 416.967(a).

**III.    Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.    Analysis**

This appeal centers on the ALJ's determination that Claimant acquired skills as a plumber that are transferable to other work in the national economy. Doc. 19 at 5-8. Specifically, Claimant argues that the ALJ did not sufficiently develop the record to determine the skills Claimant acquired as a plumber and the ALJ erred by relying on the vocational expert's (VE) testimony in determining that Claimant can perform other work in the national economy. *Id*.

**A.  Duty to Develop**

Claimant asserts that the record contains nothing more than a "skeleton description" of his duties as a plumber and that the ALJ's description of his duties as a plumber was based on nothing

more than Claimant's occupational title. *Id*. Claimant argues that the ALJ had a duty to gather additional evidence concerning Claimant's duties as a plumber and erred by not doing so. *Id*.[2]

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).[3] In determining whether it is necessary to remand a case for development of the record, the Court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id*. at 1423 (internal quotation marks omitted).

In support of his applications for disability, Claimant completed a disability report, in which he stated that he worked as a plumber between 1995 and 2010. R. 205. In that same report, Claimant described the duties and physical requirements of his work as a plumber. *Id*. Specifically, Claimant stated that he installed "pipes, fixtures, [and] toilets," and used machines, tools, equipment, and technical knowledge. *Id*. Claimant also stated that he did not do any writing, complete reports, or perform similar duties. *Id*. However, later in the same report, Claimant indicated that he wrote, typed, or handled small objects for a total of four hours each workday. *Id*. The record contains no further description from Claimant or any other source about the specific duties of his work as a plumber.

Claimant argues that the ALJ failed to sufficiently develop the record concerning the duties of his work as a plumber. Doc. 19 at 6. In support, Claimant points to the following provision of Social Security Ruling (SSR) 82-41:

---

[2] The Commissioner did not explicitly respond to Claimant's argument that the ALJ failed to sufficiently develop the record, but rather responded to the *pro se* Claimant's arguments in a single section addressing whether Claimant met his burden under the law. *See* Doc. 20.

[3] The basic duty to develop the record rises to a "special duty" where the claimant is not represented during the administrative proceedings. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Here, Claimant was represented during the administrative proceedings. R. 15, 31. Therefore, the ALJ only had a basic duty to develop the record.

> *Sources of job information.* A particular job may or may not be identifiable in authoritative reference materials. The claimant is in the best position to describe just what he or she did in PRW, how it was done, what exertion was involved, what skilled or semiskilled work activities were involved, etc. Neither an occupational title by itself nor a skeleton description is sufficient. If the claimant is unable to describe PRW adequately, the employer, a coworker or a member of the family may be able to do so.

*Id.* (citing SSR 82-41, 1982 WL 31389, at *4 (1982)). Thus, Claimant essentially argues that the ALJ should have taken some additional action to determine the duties Claimant performed as a plumber. *Id.*

The record contained sufficient information about Claimant's work as a plumber. Specifically, Claimant's description about his past work provided more than a "skeleton description" of his duties as a plumber and, consequently, provided sufficient insight into the skills that Claimant acquired from his work as a plumber. R. 205. Indeed, Claimant does not contend that his own description of his past work was deficient, nor does he identify any specific duties that he performed as a plumber but were not included in the evidence of record. *See* Doc. 19 at 6. Thus, Claimant has not pointed to any evidentiary gaps in the record that result in unfairness or clear prejudice. Therefore, the Court finds the ALJ committed no error with respect to developing a full and fair record.

### B. Transferability of Skills

Claimant's remaining arguments center on the VE's testimony and the ALJ's reliance on that testimony. First, Claimant argues that the VE's description of the skills Claimant acquired as a plumber is inconsistent with the evidence describing Claimant's work as a plumber. Doc. 19 at 6. Second, Claimant argues that the VE identified things as skills that do not qualify as skills. *Id.* at 7. In light of these purported issues with the VE's testimony, Claimant argues that the ALJ's

determination that Claimant can perform other work in the national economy is not supported by substantial evidence. *Id*. at 7-8.

The Commissioner essentially argues that the arguments challenging the VE's testimony have no merit and, as a result, the ALJ appropriately relied on the VE's testimony in determining that Claimant can perform other work in the national economy. Doc. 20 at 7-10.

At step five of the sequential evaluation process, the ALJ must consider the claimant's residual functional capacity, age, education, and work experience in determining whether he can perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At this step, the Commissioner bears the initial burden of demonstrating "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *abrogated on other grounds by Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018). If the Commissioner satisfies this burden, the burden shifts back to the claimant to demonstrate he is unable to perform the jobs identified by the Commissioner. *Id*. If the claimant cannot perform other work in the national economy, then he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

Relevant here, at step five, the ALJ must determine what level of skill the claimant achieved in his past relevant work. 20 C.F.R. §§ 404.1568, 416.968. The Social Security Administration defines skill as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn)." SSR 82-41, 1982 WL 31389, at *2. A skill is transferrable where it "can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work."

20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1); *see also* SSR 82-41, 1982 WL 31389, at *2. A skill is more likely to be transferrable among jobs that require the same or a lesser degree of skill, utilize the same or similar tools, and use the same or similar products, processes, or services. 20 C.F.R. §§ 404.1568(d)(2), 416.968(d)(2). However, complete similarity among all these factors is not necessary for transferability. *Id*. at §§ 404.1568(d)(3), 416.968(d)(3).

The ALJ may rely on a VE's testimony to determine the level of skill the claimant achieved in his past work, whether the claimant acquired transferable skills from his past work, and whether the claimant can perform other jobs in the national economy. *Zimmer v. Comm'r of Soc. Sec.*, 211 F. App'x 819, 820 (11th Cir. 2006)[4] (citing *Jones*, 190 F.3d at 1229). "The VE's testimony 'trumps' other sources of information with regard to skill level and alternative jobs. Unless the VE is proven incorrect, the ALJ may rely on the VE's testimony." *Id*. (citing *Jones*, 190 F.3d at 1229-30) (citation omitted).

At the hearing, the ALJ asked the VE about Claimant's work as a plumber, the skills that he would have acquired as a plumber, and whether any of those skills would be transferable. R. 42, 45-46. The ALJ aptly summarized the VE's testimony as follows:

> The vocational expert testified that the claimant's past relevant work as a plumber is skilled, with a specific vocational preparation (SVP) code of 7, and required the following skills: Reading and writing reports; use of tools and equipment in performing plumbing operations; reading reports or schematics, repair procedures and construction procedures.
>
> In regard to transferrable skills from the job of plumber, the vocational expert testified that in the plumbing position, an individual has to be knowledgeable of the field of construction, as this individual would not only work with pipes, but would need to be able to know locations of floors and walls in order to perform plumbing work. This individual would need to know aspects of repair and/or be knowledgeable of types of repair necessary in order to obtain the appropriate professional, which may not be related to plumbing, and more related to the general

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

> field of construction. The vocational expert stated that there is a lot of knowledge
> of the construction filed and procedures that a general plumber needs to know.

R. 21-22. The ALJ then posed a hypothetical question, which asked the VE to consider, among other things, the skills Claimant acquired as a plumber. R. 42-43, 46. The VE testified that Claimant could perform work as a maintenance dispatcher, which is a semi-skilled, sedentary position, an employment clerk, which is a skilled, sedentary position, and a telephone solicitor, which is a semi-skilled, sedentary position. R. 46-47.

After the VE identified the jobs that Claimant would be able to perform in the national economy, Claimant's counsel asked the VE to identify the skills that would transfer to an employment clerk and telephone solicitor. R. 48-50.[5] The ALJ aptly summarized the VE's testimony on the matter as follows:

> The vocational expert testified in regard to the transferable skills to the job of employment clerk, the claimant would have transferrable skills of knowledge of repair and procedures, specifically construction procedures. In regard to transferable skills to the position of telephone solicitor, the vocational expert stated that an individual would sell different aspects of construction (i.e. repair services or plumbing services)[.] This individual would have the knowledge of construction procedures and would generally assist the caller with referrals such as referring a caller to professional plumbers, framers, roofers.

R. 22; *see* R. 48-50. In addition to this testimony, the VE also recognized that not all employment clerks and telephone solicitors deal with construction related issues. R. 46, 49-50. As a result, the VE explained that he adjusted the total number of those jobs in the national economy downward to account for Claimant's construction related skills. *Id*.

---

[5] Claimant's counsel did not ask any questions concerning the transferability of Claimant's skills to maintenance dispatcher. *See* R. 48-50.

The ALJ found the VE's testimony consistent with the information in the Dictionary of Occupational Titles and, based on the VE's testimony, found that Claimant can perform other work in the national economy and, thus, is not disabled. R. 22-23.

Claimant challenges two aspects of the VE's testimony. First, Claimant argues that the VE mistakenly concluded that Claimant's work as a plumber required the ability to read and write reports. Doc. 19 at 6. In support, Claimant points to his disability report, in which he indicated that he did not write, complete reports, or perform similar duties as a plumber. R. 205. Although Claimant seemingly contradicted himself by indicating, in the same report, that he wrote, typed, or handled small objects as a plumber, the Court will assume, for purposes of this appeal, that Claimant, in fact, did not write, complete reports, or perform similar duties as a plumber. In light of this assumption, the VE's conclusion that Claimant's work as a plumber required the ability to read and write reports was not supported by the evidence of record. This issue, however, does not undermine the ALJ's reliance on the VE's testimony.

While the VE may have erroneously stated that Claimant's work as a plumber required the ability to read and write reports, the VE did not testify that that skill was required to perform the representative jobs he identified at the hearing, i.e., maintenance dispatcher, employment clerk, and telephone solicitor. *See* R. 45-47. Indeed, the VE did not mention reading or writing reports when questioned about the skills Claimant possessed that were transferable to work as an employment clerk and telephone solicitor. *See* R. 47-50. Instead, the VE testified that Claimant's knowledge of plumbing, repair procedures, and general construction, which he would have acquired through his work as a plumber, would be transferrable to a subset of employment clerk and telephone solicitor positions in the construction field. *Id*. Thus, to the extent the VE erroneously concluded that Claimant's work as a plumber required the ability to read and write

reports, that error did not affect the VE's testimony concerning the jobs Claimant could still perform in the national economy, because there is no evidence that those jobs required the ability to read and write reports. Therefore, the Court rejects the Claimant's first argument challenging the VE's testimony.

Second, Claimant argues that the skills the VE identified – i.e., "construction knowledge" and "repair knowledge" – are not skills as defined under SSR 82-41 but, instead, encompass a "class of skills and duties[.]" Doc. 19 at 7. The Court is not persuaded. Claimant asserts that the skills the VE identified do not qualify as skills under SSR 82-41, but Claimant does not cite any authority in support of his otherwise bald assertion. *See id.* The VE essentially testified that based on Claimant's work as a plumber he acquired specialized knowledge about plumbing and general repair and construction procedures, which a plumber would have to be knowledgeable about in performing their work as a plumber. R. 46-50.[6] Claimant's knowledge about plumbing and general repair and construction procedures would almost certainly require "the exercise of significant judgment that goes beyond carrying out of simple job duties" and would be acquired through performance of an occupation which is above an unskilled level, i.e., a plumber. *See* SSR 82-41, 1982 WL 31389, at *2. Indeed, Claimant has not pointed to any evidence or authority that undermines the VE's testimony concerning the skills Claimant acquired as a plumber. Absent any evidence or authority to the contrary, the Court finds no error in the VE's identification of the skills Claimant acquired as a plumber. Therefore, the Court rejects Claimant's second argument challenging the VE's testimony.

---

[6] For example, Claimant's counsel asked the VE how Claimant would acquire general construction knowledge as a plumber. R. 49. In response, the VE testified that since a plumber's job generally requires them to go through walls and floors "they have to be familiar with the aspects of repair or have someone repair the thing that they do that is not connected with the plumbing . . . and they need to know how to go through like stud walls, in order to get the pipes run." *Id*.

Third and finally, Claimant argues that the ALJ erroneously relied on the VE's testimony at step five and, as a result, the ALJ's determination that Claimant can perform other work in the national economy is not supported by substantial evidence. Doc. 19 at 7-8. This argument essentially rehashes Claimant's prior arguments challenging the VE's testimony. Thus, the success of Claimant's final argument depends on the success of his arguments challenging the VE's testimony. However, the Court rejected those arguments. As a result, Claimant's final argument due to be rejected. Indeed, the VE identified the skills that Claimant acquired as a plumber and then identified the particular skills that would be transferrable to the representative jobs that the VE listed during the hearing. R. 45-50. The ALJ appropriately relied on the VE's testimony at step five and, thus, the ALJ's determination that Claimant can perform other work in the national economy is supported by substantial evidence. Therefore, the Court rejects the Claimant's argument challenging the ALJ's reliance on the VE's testimony at step five.

**V.    Conclusion**

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Unrepresented Party and Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Melvin B. Werner
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3207 N. Cypress St.
Wichita, KS 67226-4005